# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2021

Lyle W. Cayce
Clerk

No. 20-10475

Melinda Martinez, widow and heir of Jose Chavez,

*Plaintiff—Appellee/Cross-Appellant*,

*versus*

Standard Insurance Company,

*Defendant—Appellant/Cross-Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-2013

Before Jones, Southwick, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Jose Chavez filed for long-term disability benefits under his employer-sponsored welfare benefit plan. Standard Insurance Company initially determined that Chavez was entitled to "own-occupation" benefits, which would last up to 24 months. It made no determination as to "any-occupation" benefits, which would be provided only after the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10475

own-occupation-benefits period expired. Before the expiration of the 24 months and before making a determination as to Chavez's entitlement to any-occupation benefits, Standard determined that a provision limited his benefits to 12 months. Chavez sought review of that decision, and Standard affirmed it. He brought a claim under the Employment Retirement Income Security Act in federal court. The district court determined that Chavez's injury was not subject to the 12-month limitation and also awarded any-occupation benefits until the date of judgment, holding that Standard had waived the right to contest any-occupation benefits to that point. Standard now appeals only the any-occupation-benefits holding. We REVERSE and REMAND with instructions that the district court remand to the Administrator for an any-occupation-benefits determination.

## FACTUAL AND PROCEDURAL BACKGROUND

Jose Chavez is a former employee of Nix Door & Hardware, Inc., through which he participated in an employee welfare benefit plan that Nix sponsored. The plan provided disability benefits to eligible employees and was insured by Standard Insurance Company. The plan lists Nix Door & Hardware as the Plan Administrator and Standard as the Claims Administrator.[1]

The policy provides two different benefits periods, each with different disability definitions. The "Own Occupation Period" lasts for the "first 24 months for which [long-term disability ("LTD")] Benefits are paid," while the "Any Occupation Period" lasts "[f]rom the end of the Own Occupation

---

[1] Chavez's brief says that "Standard was 'the de facto plan administrator.' *See Archer v. United Techs. Corp.*, No. 3:07-CV-1485, 2009 WL 561375, at *1 (N.D. Tex. Mar. 3, 2009)." Standard never refutes this, and both parties seem to assume that a remand to the administrator would be to Standard rather than to Nix.

Period to the end of the Maximum Benefit Period." The any-occupation period, then, kicks in only after 24 months of benefits have been paid.

A member meets the own-occupation definition of disability if "as a result of Physical Disease, Injury, Pregnancy, or Mental Disorder," the member is (1) "unable to perform with reasonable continuity the Material Duties of [his] Own Occupation" and (2) he "suffer[s] a loss of at least 20% in [his] Indexed Predisability Earnings when working in [his] Own Occupation." A member meets the any-occupation definition of disability if "as a result of Physical Disease, Injury, Pregnancy, or Mental Disorder, [the member is] unable to perform with reasonable continuity the Material Duties of Any Occupation."

Importantly, though, the policy excludes all LTD benefits for certain conditions and limits all LTD benefits for "Other Limited Conditions" ("OLC Limitation") to 12 months. The definition of "Other Limited Conditions," for which benefits are limited to a maximum of 12 months (under either definition of disability), includes "carpal tunnel or repetitive motion syndrome, . . . arthritis, . . . and sprains or strains of joints or muscles."

From May to June 2016, Chavez sought medical care for hand pain. On June 5, he visited the emergency room for continued hand pain, and surgery was performed on his hand to remove fluid on June 7. The drained fluid tested positive for methicillin susceptible staphylococcus aureus (staph infection). Chavez had a second surgery on his wrist in July, draining more fluid, which again tested positive for staph. His post-operative diagnosis was septic arthritis and carpal tunnel syndrome. In August, his diagnosis was noted as "[p]yogenic arthritis, unspecified." In November, Chavez's wrist showed severe arthritic damage, and he underwent two more surgeries as

No. 20-10475

treatment; one to remove bone and cartilage and fuse the joint with screws and another in March 2017 to remove the screws.

Chavez filed a claim for LTD benefits in June 2016. On the application, his doctor listed the diagnosis as "cellulitis and abscess" of the right hand. Standard determined that his own-occupation benefits should run from September 3, 2016 to September 2, 2018 and that his eligibility for LTD benefits would end the day before he turned 65.

In March 2017, Chavez fell and landed on his right shoulder, and he sought medical attention. Then, in May, he was in a motor-vehicle accident in which that same shoulder hit the steering wheel. After the accident, he learned that he had "full thickness and partial tearing of tendons in his right rotator cuff." He had surgery in attempt to repair the rotator cuff in March 2018.

Standard sent a letter to Chavez on June 29, 2017, informing him that it would investigate to determine if the OLC Limitation applied to his claim and limited his benefits to 12 months. The letter explained that if the limitation did apply, Chavez would receive benefits through September 2, 2017, but not after. On February 12, 2018, Standard informed Chavez that it had determined that Chavez's injuries, *i.e.*, "right wrist arthritis, right shoulder sprain/strain and right rotator cuff tear," fit within the OLC Limitation. It noted that his file was reviewed by a Physician Consultant to reach this conclusion. Because he was "only eligible for 12 months of LTD Benefits and since [he had] already received over 12 months of LTD Benefits," Standard informed him that his "claim ha[d] been closed as of the date of th[e] letter."

Chavez orally requested that his claim be reviewed by the Administrator, as he did not believe "his shoulder pain or hand pain should be considered limited conditions." In March 2018, Standard sent Chavez a

4

letter indicating that the Administrative Review Unit separately reviewed and affirmed the prior determination that Chavez's injuries fit within the OLC Limitation.

On August 2, 2018, Chavez filed suit in federal district court under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), arguing that Standard's OLC Limitation determination should be overturned and that Chavez should receive benefits from February 13, 2018 to the date of judgment plus prejudgment interest. The district court conducted a "trial on the papers, limited to the administrative record[,]. . . supporting affidavits[, and] deposition excerpts."

The district court held that Chavez's wrist condition did not fall within the plan's OLC Limitation. Further, the court concluded that the plain meaning of "arthritis" that was used in the OLC Limitation did not include the infection-caused damage to Chavez's wrist, though technically it was a species of arthritis. Rather, the "average plan participant," *see* 29 U.S.C. § 1022(a), would understand arthritis to refer to the degenerative joint disease osteoarthritis.

The district court also held that Standard was required to prove that either the rotator-cuff injury or the carpal-tunnel syndrome was a but-for cause of the disability; Standard had not met that burden. Thus, Chavez was entitled to LTD benefits. It then held that Chavez was entitled to any-occupation benefits through the month of final judgment, holding "Standard ha[d] waived its right to request evidence of 'Any Occupation' disability so far, [but] Standard should [not] be precluded from requesting such evidence in the future." It rejected Standard's motion to amend findings, for a new trial, and to modify or correct the judgment reiterating that though its ruling did not "hold or find that Chavez was or is entitled to any occupation benefits[, it] simply held that by failing to initiate any administrative action

No. 20-10475

by the time of judgment, Standard ha[d] waived the right to a retrospective administrative determination through judgment."

The issue in this appeal arises from the remedy the district court awarded Chavez. Standard argued that if the district court determined the OLC Limitation applied, it should remand to the administrator for Standard so it could decide initially whether Chavez met the any-occupation definition of disability. Chavez argued that he should be awarded past benefits through the date of judgment as well as future benefits. Instead, the district court held that Standard waived its right "to request evidence of 'Any Occupation' disability so far, [but] Standard should [not] be precluded from requesting such evidence in the future."

Standard filed a motion to amend findings, for a new trial, and to modify or correct the judgment, pursuant to Federal Rules of Civil Procedure 52, 59, and 60. In its motion, Standard argued that the court could award benefits only through the own-occupation period, but it had to remand for an administrative determination of the any-occupation period before it could award benefits for that period. The district court rejected this argument. It clarified that its ruling held only that Standard waived its right to a retrospective administrative determination because it did not initiate administrative action before judgment.

Standard filed a notice of appeal from the final judgment two days after the motion to amend, arguing that the district court erred by not remanding for the Administrator to decide first whether Chavez was entitled to any-occupation benefits. Chavez cross-appealed, arguing that he is entitled to LTD benefits from the district court's May 2020 final-judgment order through the appeal.

This court was notified in early March 2021 that Chavez had died. His widow, Melinda Martinez, has been substituted as a party to the appeal.

6

DISCUSSION

Standard appeals only the district court's holding that it waived its right to contest Chavez's entitlement to any-occupation benefits to that point, leaving out the district court's holding as to the OLC Limitation. Chavez cross-appeals, arguing that the court should award any-occupation benefits through the date the appeal becomes final rather than just through the date of the district court's order.

The district court agreed with Chavez, stating that "by failing to initiate any administrative action by the time of judgment, Standard has waived the right to a retrospective administrative determination through judgment." Waiver, all parties agree, is "the voluntary or intentional relinquishment of a known right." *Pitts ex rel. Pitts v. Am. Sec. Life Ins. Co.*, 931 F.2d 351, 357 (5th Cir. 1991).

The district court held that because Standard "never gave notice to Chavez that it was denying benefits because Chavez did not meet the definition of 'any occupation' disability," it could not "now . . . assert that basis for denial." It noted that ERISA's written-notice requirement supported its waiver holding.

ERISA requires that Standard "set[] forth the specific reasons for [a] denial" of benefits. *See* 29 U.S.C. § 1133(1). "[T]he plan administrator has the obligation to identify the evidence in the administrative record and . . . the claimant may then contest whether that record is complete." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (*en banc*), *overruled on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008). The regulations provide more detail as to what is required, including specific reasons for the determination and references to the applicable plan provisions. *See* 29 C.F.R. § 2560.503-1(g).

On requiring specific reasons for determination, the *en banc* Fifth Circuit has explained: "Our motivating concern here is that our procedural rules encourage the parties to resolve their dispute at the administrator's level." *Vega*, 188 F.3d at 300. Further, "ERISA requires that specific reasons for denial be communicated to the claimant and that the claimant be afforded an opportunity for full and fair review by the administrator." *Schadler v. Anthem Life Ins. Co.*, 147 F.3d 388, 393 (5th Cir. 1998) (quotation marks omitted) (quoting *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 688 (7th Cir. 1992)).

We agree with Standard that our decision in *Schadler v. Anthem Life Insurance* is a helpful comparison, though not directly on point. There, the administrator had determined that the plaintiff was not entitled to benefits on behalf of her husband because his policy had never gone into effect due to an error with the paperwork. *Id.* at 391. Following that determination, the plaintiff filed an ERISA suit in federal court, where the defendant–insurer argued for the first time that even if the policy was effective, several exclusions in the policy excluded coverage. *Id.* at 392. This court rejected the plaintiff's argument that "the administrator ha[d], by determining that [the husband] was not covered by the . . . Policy, waived the right to interpret any particular provisions of the . . . Policy once it ha[d] been shown that [the husband] was in fact covered." *Id.* at 369–97. We distinguished the situation presented in *Schadler* from one where "the administrator asserted one plan exclusion at the administrative level and trial counsel then bolstered the administrator's position before the district court with other exclusions" where a waiver holding might be warranted. *Id.* at 396.

A Seventh Circuit decision is also helpful. *See Pakovich v. Broadspire Servs., Inc.*, 535 F.3d 601 (7th Cir. 2008). The court rejected a rule that "would require [administrators] denying benefits under an 'own occupation' standard to also spend their resources evaluating participants under the 'any

occupation' standard, solely in anticipation of a possible reversal on the 'own occupation' issue on appeal." *Id.* at 605. Such an approach was "unworkable." *Id.* A finding that the participant was ineligible for own-occupation benefits was necessarily a conclusion as to any-occupation benefits, and "[r]equiring this further analysis would be impractical and redundant." *Id.* "[W]hen the plan administrator has not issued a decision on a claim for benefits that is now before the courts, the matter must be sent back to the plan administrator to address the issue in the first instance." *Id.* at 607.

Here too, Standard's OLC Limitation determination made analysis of entitlement to any-occupation benefits unnecessary. Once the administrator found that the OLC Limitation provided benefits only for 12 months, there was no need to analyze next if Chavez was entitled to any-occupation benefits that would begin only after the first 24 months of benefits.

Because the district court held that the OLC Limitation determination was erroneous, and that decision has not been appealed, we remand to the administrator to determine Chavez's entitlement to any-occupation benefits. We reject Chavez's invitation to remand to the district court to determine the amount of any-occupation benefits to which Chavez is entitled. Our *de novo* review of the administrator's decision does not eliminate the need for an initial administrative decision. *De novo* review is still a *review*. We should not circumvent "the procedure provided by the statute . . . [by] making the initial benefits decision ourselves." *See Schadler*, 147 F.3d at 398.

We REVERSE the district court's waiver holding, VACATE the district court's award of any-occupation benefits and REMAND to the district court with instructions to remand to the Administrator to make an initial determination of Chavez's any-occupation benefits.